IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Elizabeth Gregory and Howell Jackson Gregory,<br><br>Plaintiffs,<br><br>v.<br><br>Myrtle Beach Police Department; City of Myrtle Beach; and HireRight, LLC,<br><br>Defendants. | C/A No.: 4:26-cv-01312-JD-TER<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 15), recommending that Defendant HireRight, LLC's ("HireRight") Motion to Dismiss (DE 9) be granted and HireRight be dismissed from this action. Plaintiff Alexis Elizabeth Gregory ("Plaintiff"), proceeding pro se, subsequently submitted a filing docketed as objections to the Report. (DE 23.) For the reasons below, the Court **ADOPTS AS MODIFIED** the Report and **GRANTS** HireRight's Motion to Dismiss.

## I. BACKGROUND

Plaintiffs commenced this action in the Horry County Court of Common Pleas, asserting federal and state-law claims arising from Alexis Gregory's arrest and subsequent loss of employment opportunities. HireRight removed the action to this Court with the consent of the remaining Defendants. (DE 1.)

The claim against HireRight is captioned "Tortious Interference with a Contract via Gross Negligence/False Report." (DE 1-1 ¶ 22.) Plaintiff alleges that she

was arrested and charged with first-degree assault and battery in February 2023. She also alleges that HireRight furnished Uber Eats with a background report that inaccurately represented that she had committed a felony, when the criminal matter involved a pending charge rather than a conviction. Plaintiff maintains that the report prevented her from continuing her work as an Uber Eats delivery driver and resulted in lost income. (*Id.* ¶¶ 13, 22.)

On April 11, 2024, HireRight completed a background report concerning Plaintiff. (DE 9-1.) The report identified the assault-and-battery charge and designated its disposition as “Pending.” (DE 9-1 at 10.) The Horry County Solicitor’s Office subsequently entered a *nolle prosequi* on May 6, 2024. (DE 9-2.)

HireRight moved to dismiss, arguing that its report accurately reflected the status of the criminal charge when issued and that Plaintiff consequently failed to state a claim under the Fair Credit Reporting Act (“FCRA”) or state law. HireRight requested dismissal with prejudice. (DE 9.)

Plaintiff opposed the motion on May 4, 2026, primarily arguing that HireRight negligently delayed preparing its report and that the resulting information caused Uber Eats to discontinue her work. (DE 13.) HireRight filed a reply maintaining that Plaintiff failed to identify an actionable inaccuracy and could not cure deficiencies in the Complaint through arguments raised in her opposition. (DE 14.)

On August 31, 2026, the Magistrate Judge issued the Report recommending dismissal. (DE 15.) The Report concluded that the FCRA preempted Plaintiff’s state-

law claim and that any claim construed under the FCRA failed because the report accurately identified the charge as pending. (*Id.* at 4–5.)

The Report was mailed to Plaintiffs on September 1, 2026. On October 13, 2026, Plaintiff submitted a document docketed as objections. (DE 23.) The accompanying letter explained that Plaintiffs believed their earlier opposition had not been received or considered. The document itself was dated April 29, 2026, and substantially reproduced Plaintiff's previously filed opposition to HireRight's motion. On October 30, 2026, Plaintiff submitted another copy of the same opposition, this time bearing her handwritten signature. (DE 28.) The filing presents no materially new arguments.

## II. STANDARD OF REVIEW

A magistrate judge makes recommendations to the district court, which retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the Court must review de novo those portions of a report to which specific objections are made. When no specific objections are filed, the Court need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Objections filed by pro se litigants must be liberally construed. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). An objection need not present a new argument to warrant de novo review; rather, it must reasonably identify the finding or recommendation being challenged. *Id.* Here, DE 23 was submitted after the

objection deadline and lacked a compliant signature. The Clerk subsequently issued a deficiency memorandum directing correction of the signature deficiency. (DE 24.) On October 30, 2026, Plaintiff submitted a signed copy of the same opposition. (DE 28.) Nevertheless, in view of Plaintiff's pro se status, the Court has considered the substance of both submissions. To the extent the filings challenge the Magistrate Judge's findings and recommendations, the Court has conducted a de novo review. The Court has reviewed the remaining portions of the Report for clear error.

In evaluating a motion under Federal Rule of Civil Procedure 12(b)(6), the Court accepts well-pleaded factual allegations as true and determines whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A document attached to a motion to dismiss may be considered without converting the motion to one for summary judgment when it is integral to the complaint and its authenticity is not disputed. *Goines v. Valley Community Services Board*, 822 F.3d 159, 166 (4th Cir. 2016).

## III. DISCUSSION

### A. Accuracy of HireRight's Background Report

The Magistrate Judge concluded that Plaintiff failed to state a viable FCRA claim because HireRight's April 11, 2024, report accurately identified the assault-and-battery charge as pending. (DE 15 at 4–5.) The Court agrees. The FCRA requires consumer reporting agencies to follow reasonable procedures to assure the maximum possible accuracy of information contained in consumer reports. 15 U.S.C. § 1681e(b). To establish liability under this provision, a plaintiff must prove that the report

contained inaccurate information and that the reporting agency failed to follow reasonable procedures to assure its accuracy. *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). A report may be inaccurate because its information is patently incorrect or because it is presented in a materially misleading manner. *Id.*

Here, the background report is integral to Plaintiff's claim because its allegedly false contents form the basis of her allegations against HireRight. Plaintiff has not disputed the document's authenticity. Accordingly, the Court may consider the report in evaluating the Complaint. *See Goines*, 822 F.3d at 166.

The report identifies the relevant offense as "Assault / Assault & Battery 1st Degree," lists the disposition as "Pending," provides no disposition date, and indicates that the next court date had not been set. (DE 9-1 at 10.) The report also distinguishes the pending assault-and-battery charge from other offenses for which guilty or other dispositions were recorded. (*Id.*)

Plaintiff acknowledges that the assault-and-battery charge was not dismissed until May 6, 2024, several weeks after HireRight completed the report. (DE 1-1 ¶ 22; DE 9-2.) Accordingly, the report did not represent that Plaintiff had been convicted of the assault-and-battery offense. Rather, it identified a pending felony charge, which accurately described the charge's status when the report was completed.

The Court recognizes that Uber Eats allegedly discontinued Plaintiff's delivery work after receiving the report. However, an adverse consequence resulting from the disclosure of accurate criminal-record information does not, standing alone, establish

a violation of § 1681e(b). Nor does describing a pending charge as a felony necessarily imply that a felony conviction occurred when the report expressly identifies the disposition as pending. The Court, therefore, agrees with the Magistrate Judge that Plaintiff has failed to allege an actionable inaccuracy in the April 11, 2024, report.

**B. Plaintiff's Subsequent Filing**

In DE 23, subsequently resubmitted in signed form as DE 28, Plaintiff argues that HireRight acted negligently because it did not prepare its background report until April 11, 2024, more than one year after her arrest. She contends that the report's timing led Uber Eats to draw improper conclusions about the criminal matter and discontinue her work. The Court has considered these arguments.

The report's activity log indicates that Uber Technologies, Inc., requested the background screening on March 8, 2024. HireRight completed the report on April 11, 2024, and Uber subsequently determined that the screening did not meet its company standards. (DE 9-1 at 3, 12.) Thus, the interval between Plaintiff's arrest and the report's preparation does not show that HireRight misrepresented the criminal charge. The screening was requested in March 2024, and the charge remained pending when the report was completed.

Plaintiff also disputes information about when she began working for Uber Eats and describes the resulting loss of income and employment-related benefits. (DE 23.) Although those allegations may relate to her claimed damages, they do not establish that HireRight inaccurately reported the criminal charge or failed to comply with § 1681e(b).

Moreover, Plaintiff cannot cure deficiencies in her operative Complaint through new allegations or arguments raised in an opposition brief. *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, even on de novo review of Plaintiff's arguments, the Court finds no basis to reject the Magistrate Judge's conclusion that the claim arising from the original background report fails to state a claim.

**C. State-Law Claim and FCRA Preemption**

The Magistrate Judge also concluded that Plaintiff's state-law claim for tortious interference through gross negligence was preempted under 15 U.S.C. § 1681h(e). (DE 15 at 4.) The Court agrees that Plaintiff has failed to state a plausible state-law claim against HireRight but modifies the Report's preemption analysis.

Section 1681h(e) limits certain state-law actions arising from disclosures specified in the statute. Applying it requires considering whether the challenged claim falls within the provision's scope and, if so, whether the statutory exception for false information furnished with malice or willful intent to injure applies. *See Ross v. FDIC*, 625 F.3d 808, 814–15 (4th Cir. 2010).

The Court does not adopt the Report's reasoning to the extent it suggests that § 1681h(e) categorically bars every negligence-related state-law claim involving information contained in a consumer report. That said, the Court need not resolve the full scope of FCRA preemption because Plaintiff's existing allegations independently fail to state a plausible claim for tortious interference with a contractual relationship under South Carolina law.

Such a claim requires, among other elements, knowledge of an existing contract and intentional procurement of its breach without justification. *See Kinard v. Crosby*, 315 S.C. 237, 240, 433 S.E.2d 835, 837 (1993). Plaintiff's allegations principally concern HireRight's purported negligence in preparing and transmitting a background report. They do not sufficiently allege that HireRight knowingly and intentionally procured a breach of Plaintiff's contractual relationship with Uber Eats without justification. Moreover, the report accurately described the status of the criminal charge when issued.

Accordingly, dismissal of the presently pleaded state-law claim is warranted. The Court adopts the Report's recommended disposition but does not adopt its broader preemption rationale.

**D. Dismissal With Prejudice**

HireRight expressly requested dismissal with prejudice. (DE 9.) Plaintiff received notice of that request, filed an opposition (DE 13), and subsequently resubmitted substantially the same arguments (DE 23; 28). None of Plaintiff's filings request leave to amend or identify additional factual allegations that would cure the deficiencies in the operative Complaint.

The Fourth Circuit has rejected a categorical requirement that district courts provide an additional opportunity to amend before dismissing a deficient complaint with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292–93 (4th Cir. 2018). The district court has discretion to decide whether dismissal should be with or without prejudice. *See id.*

Here, Plaintiffs have already filed an Amended Complaint. Plaintiff's allegations concerning HireRight rest on the contention that its April 11, 2024, report falsely represented a pending criminal charge as a conviction. The report itself contradicts that contention. Plaintiff's state-law claim also lacks factual allegations supporting the intentional interference necessary to establish that cause of action.

Although Plaintiff had a chance to address these deficiencies in responding to HireRight's motion, she did not request leave to amend or identify additional facts supporting the asserted claims. The Court need not formulate a different legal theory on Plaintiff's behalf or invite amendment to assert a claim she has not presented. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under these circumstances, the Court concludes that dismissal of the claims asserted against HireRight with prejudice is appropriate. The Court's determination is limited to the claims presented in the operative Complaint and does not require consideration of hypothetical claims based on different, unpleaded conduct.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Report and Recommendation (DE 15) and **GRANTS** Defendant HireRight, LLC's Motion to Dismiss (DE 9).

Specifically, the Court concludes that Plaintiff has failed to state a claim arising from the alleged inaccuracy of HireRight's April 11, 2024, background report or the state-law theory of tortious interference asserted in the operative Complaint.

Accordingly, the claims asserted against Defendant HireRight, LLC, are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

HireRight, LLC, is **TERMINATED** as a defendant here.

The claims against the Myrtle Beach Police Department and the City of Myrtle Beach are not resolved by this Order and remain pending.

Because this Order does not resolve the entire action, no final judgment shall be entered at this time.

**IT IS SO ORDERED.**

s/ Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 3, 2026